IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-1162 (LMB/TCB) |
| ) | |
| LIAM O'GRADY, UNITED STATES ) | |
| DISTRICT JUDGE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

On September 8, 2015, Alexander Otis Matthews, a federal inmate proceeding pro se, filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against United States District Judge Liam O'Grady. Compl. [Dkt. No. 1]. On September 23, 2015, he filed an amendment to his complaint in which he added new claims against Judge O'Grady.[1] Rule 15(a) Amendment to Suit [Dkt. No. 3]. On September 29, 2015, defendant filed a second amendment in which he sought to add Assistant United States Attorneys Ryan S. Faulconer, Peter August Frandsen, and Jack Hanly as defendants. Rule 15(a) Amendment to Suit Seeking Injunctive Relief Against Additional Defs. Ryan S. Faulconer, Peter August Frandsen, and Jack Hanly [Dkt. No. 4]. The Court has not granted leave for that amendment. On January 19 and 20, 2016, the plaintiff filed two additional amendments seeking to add two more defendants [Dkt. Nos. 5, 6], both of which the Court denied in an Order issued

---

[1] Plaintiff was allowed to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). After an initial amendment as a matter of course, a plaintiff is permitted to further amend his pleading only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

on January 20, 2016.[2] Order [Dkt. No. 7]. The Court has reviewed the plaintiff's amended complaint and his attempt to amend it by adding the three prosecutors. As explained below, the plaintiff will be denied leave to amend the complaint to add the three prosecutors as defendants, and his complaint against Judge O'Grady will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I. BACKGROUND

This lawsuit arises from plaintiff's criminal prosecution in United States v. Matthews, 1:11-cr-348-LO-1, over which Judge O'Grady presided.[3] On September 30, 2011, after the plaintiff pleaded guilty to one count of bank fraud and one count of wire fraud, Judge O'Grady sentenced him to 120 months of imprisonment, to be followed by five years of supervised release. Plaintiff was also ordered to pay restitution in the amount of $5,055,250.00. Plaintiff did not appeal either his convictions or sentence, but in February of 2012, he filed a motion to vacate pursuant to 28 U.S.C. § 2255. See No. 1:11-cr-348-LO-1 [Dkt. No. 13]; No. 1:12-cv-132. Judge O'Grady dismissed that motion on April 17, 2013 and later denied plaintiff's request for a certificate of appealability. No. 1:11-cr-348 [Dkt. Nos. 53, 60]. After plaintiff appealed the

---

[2] That Order inadvertently referred to the proposed amendment involving Justice Roush as Docket Number 4. In fact, the court docket number for that attempt to amend the complaint is Docket Number 5.

[3] The instant suit is one of several plaintiff has brought against various persons, including prosecutors and judges, who have had anything to do with his criminal case. In total, the plaintiff has initiated seven other unsuccessful civil actions against such individuals, most of them Bivens or Federal Tort Claims Act actions. See Matthews v. Sobh, No. 1:12-cv-294 (dismissed for failure to state a claim on April 11, 2012); Matthews v. Faulconer, et al., No. 1:12-cv-1473 (dismissed for lack of jurisdiction and failure to state a claim on January 12, 2015; dismissal affirmed, No. 15-6132 (4th Cir. May 22, 2015)); Matthews v. Pauze, et al., No. 1:13-cv-1020 (dismissed as duplicative of No. 1:12-cv-1473 on January 22, 2014; dismissal affirmed, No. 14-6178 (4th Cir. July 1, 2014)); Matthews v. Pauze, No. 1:14-cv-248 (dismissed with prejudice on February 12, 2015; dismissal affirmed, No. 15-6372 (4th Cir. July 27, 2015)); Matthews v. Brown, No. 1:14-cv-250 (dismissed on January 22, 2015); Matthews v. Faulconer, No. 1:14-cv-251 (dismissed on January 22, 2015); Matthews v. Niemeyer, et al., No. 14-cv-1719 (dismissed as frivolous on April 17, 2015).

dismissal of his motion to vacate, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal in an unpublished opinion. United States v. Matthews, No. 13-6759 (4th Cir. Oct. 8, 2013). The Fourth Circuit subsequently denied the plaintiff's motions for rehearing and for rehearing en banc, United States v. Matthews, No. 13-6759 (4th Cir. Dec. 13, 2013), and issued its mandate on December 23, 2013.

On December 27, 2013, plaintiff filed a motion for relief from judgment in the § 2255 action pursuant to Fed. R. Civ. P. 60(b), and subsequently filed numerous supplemental briefs and amendments to that motion. No. 1:11-cr-348 [Dkt. Nos. 71, 73-80]. Plaintiff also moved pursuant to 28 U.S.C. § 2244 for an order authorizing consideration of a second or successive § 2255 application, which motion was denied by the Fourth Circuit on April 7, 2014. In re: Alexander Matthews, No. 14-170 (4th Cir. Apr. 7, 2014). On April 10, 2015, Judge O'Grady issued a Memorandum Opinion and Order granting in part and denying in part the plaintiff's Rule 60(b) motion. No. 1:11-cr-348 [Dkt. Nos. 81, 82]. Plaintiff appealed that decision, and on November 5, 2015, the Fourth Circuit vacated Judge O'Grady's Order and remanded the matter for further proceedings. United States v. Matthews, No. 15-6656 (4th Cir. Nov. 5, 2015). Specifically, the Fourth Circuit determined that plaintiff's motion for relief from judgment was not a true 60(b) motion but was instead a mixed Rule 60(b)/successive § 2255 motion, meaning that he should have been given the opportunity to elect between deleting the improper claims or having the entire motion treated as a successive § 2255 motion. Id. at 3. That matter remains pending before Judge O'Grady.

## II. DISCUSSION

In the pending Bivens action, plaintiff claims that Judge O'Grady violated his right to due process by failing to rule on all of the claims presented in his § 2255 motion, by failing to force

3

the government to respond to all of those claims, by failing to address all of the claims presented against Assistant United States Attorney Michael Pauze in a separate lawsuit, and by dismissing another suit brought by the plaintiff against defense attorney Bennett Brown. Plaintiff seeks relief in the form of (1) declarations that these various rulings and purported failings by Judge O'Grady violated plaintiff's constitutional rights and (2) injunctions requiring Judge O'Grady to void certain orders and to rule on plaintiff's allegedly un-adjudicated post-conviction and civil claims. In his first Rule 15(a) amendment of the complaint, plaintiff supplements these allegations, arguing that Judge O'Grady ignored evidence the plaintiff presented with respect to his ineffective assistance of counsel claim, specifically "11 claims of prejudice" suffered by plaintiff as a result of the purportedly unreasonable performance of his counsel. In his second Rule 15(a) Amendment, plaintiff seeks to add claims against three federal prosecutors for failing to respond to all of the allegations in his § 2255 motion. For the reasons that follow, all of plaintiff's claims against Judge O'Grady will be dismissed with prejudice for failure to state a claim on which relief can be granted, and his requests to add additional defendants and to proceed in forma pauperis will be denied as moot.

A. **Standard of Review**

Pursuant to § 1915A, a court must dismiss a prisoner complaint brought against an "officer or employee of a governmental entity" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). Whether a complaint states a claim upon which relief may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, the complaint "must set forth sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). The court must accept the plaintiff's allegations as true and should draw all reasonable inferences in the plaintiff's favor, but only to the extent that those allegations pertain to facts rather than to legal conclusions. Id. These factual allegations must suffice "to raise a right of relief above the speculative level," Twombly, 550 U.S. at 555, and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 555 U.S. at 678. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do "naked assertions devoid of further factual enhancement." Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

### B. Plaintiff Fails to State a Claim Against Judge O'Grady

Plaintiff's allegations against Judge O'Grady patently fail to state a claim on which relief may be granted, primarily because Judge O'Grady is absolutely immune from liability for injunctive relief sought in a Bivens action. In Bivens, the United States Supreme Court established that an individual injured by a federal agent's constitutional violation may bring an action for damages against that agent. See Bivens, 403 U.S. at 397; FDIC v. Meyer, 510 U.S. 471, 484 (1994); see also Trulock v. Freeh, 275 F.3d 391, 399 n.1 (4th Cir. 2001). Because "a Bivens action is the federal analog to suits brought against state officials" under 42 U.S.C. § 1983, Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006), the immunities available to federal officials in Bivens actions are largely analogous to those available to state officers in § 1983 actions. See Butz v. Economou, 438 U.S. 478, 500-01 (1978).

Several jurisdictions have ruled, however, that the immunities available under Bivens and § 1983 differ with respect to claims against judges for prospective injunctive relief. Although judges are absolutely immune from liability for damages arising out of their judicial acts, Pierson

5

v. Ray, 386 U.S. 547, 553-54 (1967), state judges are not immune from claims for prospective injunctive relief brought pursuant to § 1983. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). In contrast, most federal courts which have addressed the question have determined that federal judges maintain absolute judicial immunity in Bivens actions even for equitable relief. See Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (finding that "the stronger argument favors the grant of absolute immunity to the defendant federal judges" in Bivens actions); Mullis v. U.S. Bankr. Court for the Dist. of Nev., 828 F.3d 1385, 1393-94 (9th Cir. 1987) (holding that "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief"), cert. denied, 486 U.S. 1040 (1988); Newsome v. Merz, No. 00-4307, 2001 WL 1006189, at *1 (6th Cir. Aug. 21, 2001) (citing Bolin and Mullis for the proposition that "federal judges are immune from Bivens suits for equitable relief"); Mehdipour v. Purcell, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001) (determining that in the absence of "any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits... federal judges are absolutely immune from equitable relief under Bivens"), aff'd, 62 F. App'x 203 (10th Cir. 2003), cert. denied, 540 U.S. 1056 (2003).

The Fourth Circuit has confirmed that this bar to liability applies in this jurisdiction. In Stephens v. Herring, 827 F. Supp. 359 (E.D. Va. 1993), after extensively discussing the question of whether injunctive relief was available against federal judges, Judge Payne concluded that "the absence of either common law tradition or congressional mandate" permitting such relief, as well as "the potential disruption to the system of federal appellate and collateral review of recognizing such a right," demonstrated that federal judges are absolutely immune from claims for injunctive relief. Id. at 361-65. The Fourth Circuit affirmed that result in an unpublished

opinion. Stephens v. Herring, 69 F.3d 533 (table), 1995 WL 660911 (4th Cir. Nov. 9, 1995). Accordingly, Judge O'Grady is absolutely immune from plaintiff's claims for equitable relief.

Moreover, barring such relief does not leave the plaintiff without a remedy for any claimed constitutional violation that purportedly stems from Judge O'Grady's judicial acts. As the Ninth Circuit reasoned in Mullis v. United States Bankruptcy Court for the District of Nevada, "Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs," procedures that permit litigants like the plaintiff to "receive[] full federal court review of allegations of deprivations of federal constitutional rights by federal judicial officers acting under color of federal law." Mullis, 828 F.2d at 1394. Allowing Bivens actions for equitable relief against federal judges in addition to these avenues of relief would create confusion and "a multiplicity of litigation." Id. Additionally, the availability of such appeals and extraordinary writs demonstrates that the plaintiff would not be able to satisfy the prerequisites for injunctive relief—namely, that he have both an inadequate remedy at law and be at risk of irreparable harm. Id. at 1392. For these reasons, plaintiff's claims against Judge O'Grady will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

### C. Plaintiff States No Claim Against the Prosecutors

In his second effort to amend his complaint plaintiff seeks to add Assistant United States Attorneys Ryan S. Faulconer, Peter August Frandsen, and Jack Hanly as defendants to this lawsuit, arguing that they, like Judge O'Grady, failed to respond to all of the arguments he raised in his § 2255 motion. Permission to add these claims has not been granted, and even if these claims against these defendants were in this complaint they would have to be dismissed for failure to state a claim on which relief may be granted. Prosecutors are absolutely immune, both

at common law and in <u>Bivens</u> actions, for conduct that is "intimately associated with the judicial phase of the criminal process." <u>Lyles v. Sparks</u>, 79 F.3d 372, 376 (4th Cir. 1996) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976)). Responding to a defendant's § 2255 motion falls squarely within that category of conduct. Additionally, the appellate process provides the appropriate avenue through which the plaintiff may seek redress for any purported irregularities in how the prosecutors responded to his § 2255 motion. Accordingly, plaintiff's effort to add these three prosecutors to this litigation will be denied.

### III. CONCLUSION

For the reasons stated above, plaintiff's complaint will be dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, and plaintiff's requests to amend his complaint to add Assistant United States Attorneys Faulconer, Frandsen, and Hanly as defendants and to proceed <u>in forma pauperis</u> will be denied by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 2 day of February, 2016.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge